**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Chellyn Jones,

Plaintiff,

v.

Walmart,

Defendant.

Case No. 2:26-cv-02701-RFB-BNW

**Order**

Pro se Plaintiff brings this lawsuit regarding alleged discriminatory practices that took place at her place of employment. She moves to proceed *in forma pauperis*. ECF No. 6. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. As a result, her request to proceed *in forma pauperis* will be granted. The court now screens her complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

## I. ANALYSIS

### A. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

As best as this Court can tell, Plaintiff alleges she was discriminated against under the American with Disabilities Act (ADA). But she does not provide any facts that support any kind of violation. Without additional factual allegations regarding the underlying dispute, plaintiff cannot state a claim against defendant.

It appears plaintiff wishes to allege claims for ADA discrimination and ADA retaliation. This Court will provide Plaintiff with the elements as to each of these claims so that she may allege facts as to each of the different elements.

**1. ADA Discrimination**

To state a colorable claim for disability discrimination under the ADA, plaintiff must allege that plaintiff: (1) is a disabled person under the ADA; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of plaintiff's disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017).

**2. ADA Retaliation**

To state a plausible ADA retaliation claim, plaintiff must allege: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a but-for causal link between the two. *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1140 (D. Ore. 2013) (citing *Brooks v. City of*

*San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)); *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1386 (S.D. Cal. 2014).

**3. Instructions for amendment**

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and the defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the defendant fair notice of her claims against it and of her entitlement to relief.

In addition, Plaintiff must look at the elements for each of her claims closely and allege facts as to each of the elements for each claim. Should she not allege facts as to each of the different elements, her claims will be dismissed.

Lastly, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make his amended complaint complete.

//

//

//

//

//

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the deadline to file an amended complaint is October 23, 2026.

DATED: September 23, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE